# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gregory Schwab and Susan Moen,                    Civil No. 16-185 (DWF/HB)

                    Plaintiffs,

v.                                                **MEMORANDUM**
                                                  **OPINION AND ORDER**

Carolyn Colvin, Acting Commissioner of
Social Security,

                    Defendant.

_____

Joseph A. Wentzell, Esq. Wentzell Law Office, PLLC, counsel for Plaintiffs.

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

_____

## INTRODUCTION

Plaintiffs Gregory Schwab and Susan Moen, brother and sister, filed this lawsuit after the U.S. Social Security Administration ("SSA") declined to process Schwab's Form CMS 1763, which permits individuals to terminate their Medicare insurance. Defendant Carolyn Colvin, Acting Commissioner of the SSA, moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. Because Plaintiffs failed to adequately plead jurisdiction in their Complaint, the Court grants Defendant's motion and dismisses Plaintiffs' Complaint without prejudice.

**BACKGROUND**

Schwab and Moen will be eligible for Medicare benefits when they reach 65. (Doc. No. 1 ("Compl.") ¶ 1.)  At the time they filed the Complaint, Schwab was 62 years old, and Moen was 61 years old.  (*Id.* ¶ 2.)  When they reach 65, both Schwab and Moen apparently seek to maintain private insurance as their primary health insurance, while designating Medicare Part A as their secondary health insurance.  (*Id.* ¶¶ 2, 4, 9, Ex. A.) On April 14, 2015, Schwab attended a voluntary termination interview at the SSA office in St. Paul, Minnesota, at which Schwab attempted to explain his request to terminate his enrollment in Medicare Parts B, C, and D; to keep his private insurance as his primary health insurance; and to designate Medicare Part A as his secondary health insurance. (*Id.* ¶ 4, 9, Ex. A.)  Instead of granting Schwab's request, the SSA representative ended the interview.  (*Id.* ¶ 4.)

On May 4, 2015, and May 6, 2015, Schwab's attorney wrote the SSA explaining that Schwab "sought to terminate his hospital/supplemental insurance plan through social security" in a meeting with an SSA official.  (*Id.* ¶ 9, Ex. A.)  On May 13, 2015, the U.S. Department of Health and Human Services ("HHS")—which administers Medicare— responded, "we are unable to assist you or give you the information you requested because you did not provide us with sufficient information to process your inquiry."  (*Id.*) Among other things, the letter requested "a complete explanation of your concern or request."  (*Id.*)  On May 21, 2015, and again on May 27, 2015, Schwab's attorney wrote back, stating that Schwab seeks "[t]o establish that his private insurance is primary as

2

shown in form CMS.1763." (*Id.*)  That correspondence also requested that the SSA "date

stamp form CMS.1763 and return a copy to myself and Mr. Schwab." (*Id.*)  Schwab did

not receive a date-stamped copy of Form CMS 1763.  (*Id.* ¶ 8.)

On January 27, 2016, Schwab and Moen, both represented by counsel, filed their

Complaint.  (*Id.*)  Moen did not contact the SSA or submit any forms; rather, her claim is

based on her brother's experience.  (*Id.* ¶ 5.)  The Complaint does not identify a specific

cause of action, and it does not explicitly lay out grounds for the Court's jurisdiction.

(*See id.*)  As the Court understands it, the Complaint requests that the Court:  (1) declare

that Plaintiffs' private insurance is their primary health insurance; (2) order the SSA to

sign and date stamp Form CMS 1763 for both Schwab and Moen and to provide Form

CMS L457 to both Schwab and Moen; (3) enjoin the SSA from withholding or offsetting

Schwab's or Moen's Social Security benefits; (4) declare that Schwab and Moen may

receive Social Security benefits once they meet the applicable eligibility requirements;

and (5) award Schwab and Moen attorney fees incurred in the course of this lawsuit.  (*Id.*

at 3 (Prayer for Relief).)

On April 15, 2016, Defendant moved to dismiss the lawsuit for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  (Doc. No. 13.)

## DISCUSSION

### I.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter

jurisdiction.  Fed. R. Civ. P. 12(b)(1).  To survive a motion under Rule 12(b)(1), the party

asserting jurisdiction has the burden of proving jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990).

A Rule 12(b)(1) motion may challenge a plaintiff's complaint either on its face or on factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  When a defendant brings a facial challenge—that is, even if the allegations were true, they lack an essential element for jurisdiction—a court reviews the pleadings alone, and the court assumes the allegations are true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *accord* Osborn, 918 F.2d at 729 n.6.  In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and weigh the accuracy of the allegations. *Titus,* 4 F.3d at 593; *accord Osborn*, 918 F.2d at 729 n.6.

Although both Plaintiffs and Defendant submit affidavits in support of their briefs, Defendant appears to bring a facial challenge.  (Doc. No. 15 ("Def.'s Memo") at 2 (asserting that the basis for federal court jurisdiction "must appear on the face of the complaint"); *see also* Doc. No. 20 ("Pls.' Opp'n") at 4 ("Defendant has launched a facial attack on the court's jurisdiction.").)  Thus, the Court limits its review to the Complaint and it exhibits, and the Court assumes that the allegations in the Complaint are true. *Osborn*, 918 F.2d at 729 n.6; *see also Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).  To survive a facial challenge, a complaint needs to contain merely "a short and plain statement of the grounds upon which the court's jurisdiction

depends." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2016) ("If the complaint does not properly invoke the district court's jurisdiction, then the complaint is defective, and, unless the deficiency is cured, a multitude of cases . . . make it clear that the motion to dismiss must be granted regardless of the actual existence of subject matter jurisdiction.").

## II.      Sovereign Immunity

Sovereign immunity is a jurisdictional issue, which as a general matter, precludes lawsuits against the United States or its agents without the United States' consent. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Kearns*, 177 F.3d 706, 709 (8th Cir. 1999); *Brown v. United States*, 151 F.3d 800, 803–04 (8th Cir. 1998). Congress can consent to suit through legislation. *See Meyer*, 510 U.S. at 475. A plaintiff must affirmatively plead the grounds that show why sovereign immunity does not apply to his or her claims.

Here, Defendant argues that the Court must dismiss the Complaint because Plaintiffs failed to plead why sovereign immunity does not apply to their claims. To defeat the motion, Plaintiffs' Complaint must contain merely a short and plain statement regarding jurisdiction. Plaintiffs, however, failed to allege any basis for jurisdiction. In their briefing, Plaintiffs argue that the basis of their claim is brought pursuant to the APA.

But because Plaintiffs provide no allegations for the Court's jurisdiction in their

Complaint, the claim must be dismissed for lack of subject matter jurisdiction.[1]

<strong>ORDER</strong>

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED**

that:

1.      Defendant Carolyn Colvin's Motion to Dismiss (Doc. No. [13]) is

**GRANTED**.

2.      The Complaint (Doc. No. [1]) of Plaintiffs Gregory Schwab and Susan

Moen is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 30, 2017                     s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge

---

[1]      Much of the parties' briefing addresses whether HHS has rendered a final action under the APA.  The Court need not decide this issue because Plaintiffs failed to include any allegations invoking the APA.  But if Plaintiffs refile, they must also affirmatively plead their basis for invoking the APA.  *See* Wright & Miller, *supra*, § 1350 ("Rule 12(b)(1) motion to dismiss for a lack of subject matter jurisdiction also may be appropriate when the plaintiff has failed to exhaust administrative procedures that have been established, typically by statute, as a prerequisite to his bringing suit.").  Further, Plaintiffs must demonstrate that their claim is redressible—i.e., that switching their primary and secondary insurers will remedy their injury.  *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  If Plaintiffs fail to adequately address the defects in their Complaint outlined here, then the Court will consider sanctions.